Michael O. Stevens, OSB No. 095198
email: michael@hillsborofirm.com
TeAnna Rice, OSB No. 205141
email: teanna@hillsborofirm.com
STEVENS & LEGAL, LLC
1915 NE Stucki Avenue, Suite 308
Hillsboro, OR 97124
Tel: (971) 533-6178
Fax: (971) 228-2608

Attorneys for Plaintiff
Tommie Norton

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TOMMIE NORTON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF MULTNOMAH,<br><br>　　　　　Defendant. | **Case No. 3:21-cv-00024-SB**<br><br>**COMPLAINT FOR:**<br><br>　(1) Negligence<br>　(2) Sexual Harassment<br>　(3) Hostile Work Environment<br>　(4) Workplace Safety<br>　(5) Disability Discrimination<br>　(6) Retaliation<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Tommie Norton ("Plaintiff"), alleges as follows:

**JURISDICTION AND VENUE**

1. This is a suit for damages in excess of $75,000 for violations of Oregon and federal laws pertaining to negligence, gender discrimination, hostile work environment, workplace safety, disability discrimination, and retaliation.
2. Subject matter jurisdiction is pursuant to 28 U.S.C. §§ 1331.
3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (2).
4. Venue is proper in this District as the alleged unlawful acts took place in Multnomah County, Oregon, while Plaintiff worked in Multnomah County, Oregon, and Defendant resides in Multnomah County.

## PARTIES

5. Plaintiff, Tommie Norton ("Plaintiff"), is an adult resident of Multnomah County, Oregon.
6. On information and belief, County of Multnomah (hereafter "Defendant") resides within Multnomah County, Oregon.

## FACTUAL BACKGROUND

7. On information and belief, Defendant at all relevant times mentioned herein operates, and is responsible for, the Multnomah County Detention Center (hereafter the "Facility").
8. At all material times, Defendant is liable for the acts and omissions of its employees acting within the course and scope of their employment, representation, and/or agency with Defendant.
9. Plaintiff is an employee of Defendant. Plaintiff is employed as a registered nurse at the Facility.
10. On or about November 6, 2019, Plaintiff received a message from his supervisor stating that Plaintiff's personal information may have been leaked to Colby "Tesla"

Aplin (hereafter "Aplin"), an adult in custody (hereafter "AIC") at the Facility. Information on when and how this leak occurred was not provided to Plaintiff.

11. Plaintiff began to receive comments, while working in the Facility, from other AICs concerning Plaintiff's personal information, including details regarding the location of Plaintiff's residence.

12. At no time did Plaintiff provide Aplin, or any other AICs, with Plaintiff's personal information.

13. Plaintiff began to receive multiple letters from Aplin at Plaintiff's home address. Such letters often included threats, explicit language, and personal information about Plaintiff. Upon information and belief, some of these letters contained bodily fluids.

14. At no time did Plaintiff consent to receiving any form of correspondence and or mail from Aplin at Plaintiff's residence.

15. Each letter was sent from Defendant's Facility as inmate mail. While the envelopes to these letters often indicated or stated that it was legal mail, such envelopes also contained personal comments and statements that would indicate that it was not legal mail. Further, the addresses the envelopes were addressed to were not to a law office or other location to which legal mail would be properly sent, let alone to Alpin's counsel of record. Defendant could have and should have intercepted such mail on that basis alone.

16. Plaintiff notified Defendant he was receiving such letters and that such letters were concerning and unwanted. However, the letters continued to leave Defendant's facility and be delivered to Plaintiff's home address.

17. On or about March 15, 2020, through counsel, Plaintiff sent a written demand for the damages that Plaintiff has incurred. It was not until this time that Plaintiff stopped receiving letters from Aplin.

18. On November 9, 2020, Plaintiff filed this lawsuit in the Circuit Court for the State of Oregon for the County of Multnomah.

19. On or about January 6, 2021, Aplin was transferred from the Oregon State Hospital back to the MCDC, where Plaintiff still worked. Plaintiff informed Defendant of the stress this caused him, but Multnomah County Sheriff's Office (MCSO) refused to transfer Aplin to an alternative facility, such as Inverness Jail.

20. In or about September 2021, Defendant revoked Plaintiff's reasonable accommodations and has forced him to return to a rotation that includes the Medication Pass function.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### Negligence

21. The allegations of paragraphs 1-20, above, are incorporated herein by reference.

22. Employers in Oregon have a duty to provide a safe place of employment for its employees. ORS §654.010. This includes the duty to maintain a strict level of confidentiality in regards to the personal information of its employees, especially at a correctional facility.

23. Defendant operates multiple facilities, including the Facility, that house allegedly dangerous, or potentially dangerous, individuals in custody. Therefore, Defendant's duty to provide a safe place of employment and maintain a strict level of confidentiality is heightened.

24. Defendant breached their duty when Plaintiff's personal information was leaked to adults in custody (AICs) within the Facility. Furthermore, the letters that Plaintiff received from Aplin were sent from the Facility and continued to be allowed out of the Facility after Plaintiff notified Defendant that such letters were concerning and unwanted.

25. But for Defendant's negligence, Plaintiff's personal information, including his address, would not have been shared with AICs at the Facility and, subsequently, Plaintiff would not have received letters from Aplin. Furthermore, Plaintiff would not be in fear for his safety and need to take precautionary measures to ensure that he was not located outside of the Facility by Aplin, other AICs, and or the families of AICs. This breach of duty was the legal and proximate cause of the injuries to Plaintiff.

26. Due to Defendant's negligent acts and omissions, Plaintiff was subjected to an unsafe work environment, causing severe emotional distress. In addition, Plaintiff had to take necessary actions precautions to ensure Plaintiff's safety, which included, but is not limited to, breaking his lease in order to relocate. As a result, Plaintiff has suffered economic damages in the amount of $10,000 and non-economic damages in the amount of $150,000.

## SECOND CAUSE OF ACTION

**Sexual Harassment by a Non-Employee, ORS §659A.030, et seq.; 42 U.S. §2000e-2, et seq.**

27. The allegations of paragraphs 1-26, above, are incorporated herein by reference.

28. ORS §659A.030 and 42 U.S. §2000e-2 were in full force and effect and were binding on Defendant at all material times.

29. Employers are liable for harassing conduct by non-employees "where the employer either ratifies or acquiesces in the harassment by not taking immediate and/or corrective actions when it knew or should have known of the conduct." *Folkerson v. Circus Circus Enters., Inc.*, 107 F.3d 754, 756 (9th Cir. 1997); see also OAR 839-005-0030(7).

30. Defendant, through its employees and negligence, subjected Plaintiff to sexual harassment by allowing Aplin to send unwanted inmate mail containing explicit and

or threatening subject matter to Plaintiff's home address. Plaintiff made Defendant aware of these letters and their subject matter, however, Defendant failed to take any form of action to prevent these letters from being sent.

31. Defendant's failure to act is in violation of ORS §659A.030 and 42 U.S.C. §2000e-2 and has resulted in injury and damage to Plaintiff as alleged herein.

32. As a proximate result of Defendant's acts and omissions, Plaintiff has sustained damages as outlined in paragraph 26 above.

33. Plaintiff is also entitled to reasonable attorney's fees for violating ORS §659A.030. ORS §659A.885.

### THIRD CAUSE OF ACTION

**Hostile Work Environment, ORS §659A.030, et seq.; 42 U.S. §2000e-2, et seq.**

34. The allegations of paragraphs 1-32, above, are incorporated herein by reference.

35. ORS §659A.030 and 42 U.S. §2000e-2 were in full force and effect and were binding on Defendant at all material times.

36. Defendant, through its employees, leaked Plaintiff's personal information to the AICs located at the Facility. This subjected Plaintiff to various comments from AICs, while at work in the Facility, regarding Plaintiff's personal information, which led Plaintiff to fear for his personal safety. Furthermore, this leak led Plaintiff to be subjected to unwanted sexual harassment by Aplin who sent sexually explicit and or threatening subject matter to Plaintiff's leaked home address.

37. On multiple occasions Plaintiff made Defendant aware that these letters were unwanted and contained sexually explicit material. However, despite Defendant's ability to regulate inmate mail, Defendant failed to take any form of action to end the harassment. As such, Defendant is liable for creating and maintaining a hostile work environment, in violation of ORS §659A.030 and 42 U.S.C. §2000e-1, which has resulted in injury and damage to Plaintiff as alleged herein.

38. As a proximate result of Defendant's acts and omissions, Plaintiff has sustained damages as outlined in paragraph 26 above.

39. Plaintiff is also entitled to reasonable attorney's fees for violating ORS §659A.030. ORS §659A.885.

## FOURTH CAUSE OF ACTION

### Workplace Safety ORS §654.010

40. The allegations of paragraphs 1-39, above, are incorporated herein by reference.

41. Despite Plaintiff requesting Aplin not to be housed where Plaintiff worked, Defendant failed to transfer Aplin to an alternative facility.

42. This created a danger to Plaintiff and caused preventable stress to Plaintiff, as Aplin had on multiple occasions sent or attempted to send bodily fluids to Plaintiff.

43. Defendant's failure to act created an unsafe workplace, violating ORS §654.010.

44. As a proximate result of Defendant's acts and omissions, Plaintiff has sustained damages as outlined in paragraph 26 above.

## FIFTH CAUSE OF ACTION

### Disability Discrimination ORS §659A.112 (1) & (2)(e)

45. The allegations of paragraphs 1-44, above, are incorporated herein by reference.

46. Defendant's acts and omissions noted above in paragraph 20 targeted Plaintiff on the basis of a disability by failing to continue a reasonable accommodation for Plaintiff's disability, which had allowed Plaintiff to perform the essential functions of their job. As such, Plaintiff was subjected to different terms and conditions of employment than other employees, in violation of ORS §659A.112(2)(e).

47. As a proximate result of Defendant's acts and omissions, Plaintiff has sustained damages as outlined in paragraph 26 above.

48. Plaintiff is also entitled to reasonable attorney's fees for violating ORS §659A.030. ORS §659A.885.

## SIXTH CAUSE OF ACTION

### Retaliation ORS §659.199 & ORS §659A.290

49. The allegations of paragraphs 1-61, above, are incorporated herein by reference.

50. Upon filing of a tort claim notice and/or this lawsuit, Defendant began to retaliate against Plaintiff as described above in paragraphs 19 and 20, as prohibited by ORS §659.199.

51. Furthermore, Defendant retaliated against Plaintiff as described above in paragraphs 19 and 20 despite Plaintiff being a victim of stalking (see ORS §659A.290(1)(e)), violating ORS §659A.290(2)(b) and ORS §659A.290(2)(c).

52. As a proximate result of Defendant's acts and omissions, Plaintiff has suffered emotional distress and other non-economic damages as referenced in paragraph 26 above.

53. Plaintiff is also entitled to reasonable attorney's fees for violating ORS §659A.290. ORS §659A.885.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court enter a judgment against Defendant as follows:

A. Economic damages in the amount to be determined by the jury to fairly compensate Plaintiff in accordance with Oregon law, and not to exceed $10,000;

B. Noneconomic damages in the amount to be determined by the jury to fairly compensate Plaintiff in accordance with Oregon law, and not to exceed $150,000;

C. Prejudgment interest pursuant to ORS §82.010;

D. Prevailing party fees pursuant to ORS §20.190;

E. For an award of reasonable attorneys' fees incurred herein for the Second, Third, Fifth, and Sixth claims for relief;

F. Costs and disbursements incurred herein; and

G. Other relief as the Court deems just and equitable

Dated:  December 13, 2021                Respectfully submitted,

By: /s/ Michael O. Stevens
Michael O. Stevens, OSB No. 095198
michael@hillsborofirm.com
TeAnna Rice, OSB No. 205141
teanna@hillsborofirm.com
Attorneys for Plaintiff Tommie Norton